UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORGE ALEXIS CABIELES BANEGAS,

                  Petitioner,

            v.

LADEON FRANCIS, *in his official capacity as Acting Field Office Director of New York, Immigration and Customs Enforcement*; KRISTI NOEM, *in her official capacity as Secretary of Homeland Security*; PAMELA BONDI, *in her official capacity as Attorney General*;

                  Respondents.

No. 26-CV-1262

ORDER

RONNIE ABRAMS, United States District Judge:

    For the reasons stated on the record at today's hearing, and for those that follow, the Court grants Petitioner Cabieles Banegas's habeas petition.

    As the Government concedes, the circumstances of Mr. Cabieles Banegas's detention are similar to those considered by this Court in *Rivera Esperanza v. Francis*. 2025 WL 3513983 (S.D.N.Y. Dec. 8, 2025). In that case, the Court concluded that 8 U.S.C. § 1226(a) governed the petitioner's detention, rather than 8 U.S.C. § 1225(b)(2)(A), as the Government contended. *Id.* at *2–6. The Court also determined that, because the Government did not provide the petitioner any process before his arrest under Section 1226, it violated his right to due process. *Id.* at *7–8. Finally, the Court found that the petitioner was excused from exhausting his administrative remedies because "administrative appeal would be futile" and the petitioner "ha[d] raised a substantial constitutional question." *Id.* at *9 (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003), as amended (July 24, 2003)).

    The Court reaches the same conclusions here: Mr. Cabieles Banegas's arrest by ICE was governed by Section 1226(a), he was not afforded any process before his arrest, and he is excused from exhausting his administrative remedies. On this basis, and for the reasons stated in *Rivera Esperanza*,

the Court grants the petition and orders Mr. Cabieles Banegas's release from custody within 24 hours of the date of this Order.

As noted at the hearing, although the Court was deeply troubled by Mr. Cabieles Banegas's New York State arrest, those charges were dismissed because the State found that there was no evidence to support the allegations, as the witness recanted entirely.  Dkt. 1 ("Pet."), Ex. 4; Dkt. 10 ("Repl."), Ex. 3.  Given that the Government conceded that it had no evidence other than the fact of the arrest itself to support an argument that he presents a danger to the community, a bond hearing would add little value here.  To the extent that the Government obtains any evidence of criminal conduct on Mr. Cabieles Banegas's behalf, it may rearrest him consistent with 8 U.S.C. § 1226(a) and the concomitant procedures.

Mr. Cabieles Banegas's petition is therefore granted.  The Government is ordered to release Mr. Cabieles Banegas within 24 hours of the date of this Order.  It shall further certify compliance with the Court's order by promptly filing it on the docket.

With respect to Mr. Cabieles Banegas's application for an award of reasonable fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), he may submit such application pursuant to 5 U.S.C. § 504 and 28 U.S.C. § 2412 within thirty days of final judgment in this action.

The Clerk of Court is hereby respectfully directed to terminate this case and any pending motions, and enter judgment for Petitioner.

SO ORDERED.

Dated:     February 24, 2026
           New York, New York

_____
Ronnie Abrams
United States District Judge